

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0823-14

### THE STATE OF TEXAS

### v.

### JOHN BERRY JACKSON, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### MITCHELL COUNTY

HERVEY, J., filed a concurring opinion in which KEASLER, RICHARDSON, and NEWELL, JJ., joined.

### CONCURRING OPINION

I join the opinion of the Court but write to further explain how the suppression of the evidence in this case will not serve the underlying policy reason for the exclusionary rule and how the focus of the *Brown* test shifts depending on the facts of each case.

The purpose of the exclusionary rule is to deter police misconduct, which is well

documented by this Court and the United States Supreme Court.[1] Both courts have also stated that the exclusionary rule should be used only as a last resort when the benefit of deterring police misconduct outweighs the substantial social costs of suppression. *Hudson v. Michigan*, 547 U.S. 586, 591 (2006); *State v. Mazuca*, 375 S.W.3d 294, 300 (Tex. Crim. App. 2012). This is because, by suppressing evidence to deter police misconduct, that evidence cannot be used to prove guilt, even when a person is guilty. *See Hudson*, 547 U.S. at 591 (noting that the exclusionary rule can result in "setting the guilty free and the dangerous at large").

When determining whether evidence should be suppressed, the United States Supreme Court has stated that not all evidence found is "fruit of the poisonous tree." Rather, a court must determine if the evidence "has been come at by exploitation of [police misconduct] or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (internal quotes omitted). There are two ways by which taint of prior illegal conduct can be attenuated. *See Hudson*, 547 U.S. at 593. First, if the causal connection between the illegal conduct and the acquisition of the evidence is too remote. *Id.* Second, even if there is a causal connection, the evidence should not be excluded if the "interest protected by the constitutional guarantee that has been violated would not be served by suppression of the

---

[1]*See, e.g.*, *Brown v. Illinois*, 422 U.S. 590, 599 (1975); *Wong Sun v. United States*, 371 U.S. 471, 485–486 (1963); *Mapp v. Ohio*, 367 U.S. 643, 656 (1961); *Elkins v. United States*, 364 U.S. 206, 216–17 (1960); *see also State v. Mazuca*, 375 S.W.3d at 300.

evidence obtained." *Id.* To determine the nature of the casual connection, this Court considers three factors: (1) temporal proximity of the illegal conduct to the obtainment of the evidence, (2) the presence of intervening circumstances, and (3) the purposefulness or flagrancy of the official misconduct. *See Brown*, 422 U.S. at 603–04. In this case, the second *Brown* factor is the most relevant.

An example of an intervening circumstance that broke the chain of causation between the illegal conduct and acquisition of the evidence can be found in our decision of *Mazuca*. In that case, police pulled over the appellant on the belief that white light was emanating from his tail lights, which was later shown not to be true. Thus, the police had no reasonable suspicion to detain him. *Mazuca*, 375 S.W.3d at 296–97. However, during the unlawful stop, the officers discovered that the appellant had at least two warrants out for his arrest. After taking him into custody, one of the officers asked the appellant if he had anything illegal on his person, to which he responded that he did. During a search of the appellant, the officer found ecstasy. *Id.* at 297. The appellant argued that the discovery of the narcotics should have been suppressed because the traffic stop was illegal. However, we held that the exclusionary rule did not apply because the discovery of an arrest warrant after illegally stopping the appellant was an intervening circumstance that rendered the causal connection between the illegal stop and the seizure of evidence "too remote" to merit suppression. *Id.* at 308–10. We also found it relevant that the police did not purposely or flagrantly violate the appellant's rights. *Id.* at 310. Proximity is the most

important factor when there is not an intervening circumstance, but when, as in this case, one is present, the most important factor is whether the police's illegal conduct was purposeful or flagrant.

Applying these principles to Appellant's case, the majority correctly identifies the illegal conduct—using the GPS device to track Appellant—and that collecting the GPS data tainted the traffic stop and subsequent discovery of the drugs. But that does not resolve the issue before us because we must also decide whether the illegal conduct that tainted the traffic stop is so remote from the discovery of the drugs that the taint has been attenuated and, therefore, the drug evidence should not be suppressed.

I agree with the majority that Appellant's act of speeding was an intervening circumstance that rendered the preceding illegal conduct of the police "too remote" to warrant suppressing the discovered drug evidence.[2] Maj. Op. at 12–13 (citing *Mazuca*, 375 S.W.3d at 306–07). And I further believe that, the suppression of the evidence in this case would not serve to deter future police misconduct because the police believed they were acting in accordance with the law, which has since been settled; therefore, the illegal conduct in this case is probably a rare anomaly that this Court will likely never need to

_____

[2]Here, although it was illegal for the police to track Appellant's whereabouts through a GPS device without a warrant, there is reason to believe that the police did not engage in that illegal conduct flagrantly. *See* Maj. Op. at 14–15. First, the United States Supreme Court decision requiring a warrant to obtain GPS location information was not handed down until after the investigation in this case was completed. *United States v. Jones*, 132 S. Ct. 945 (2012). Second, as the majority notes, the record reveals no suggestion that the officer believed his actions were illegal. *See* Maj. Op. at 15.

address again. Moreover, there can be no doubt that the seized evidence was probative of Appellant's guilt, and that suppressing the discovery of the drugs would frustrate justice but not prevent future police misconduct.

Hervey, J.

Filed: July 1, 2015

Publish